FREDERICK A. COOK, Respondent, *v.* JEANNETTE MIRSKY and Others, Defendants, Impleaded with ENCYCLOPEDIA BRITANNICA, INC., Appellant.

First Department, January 15, 1937.

*Peter I. B. Levine* of counsel [*Milton Socolof* with him on the brief; *Stroock & Stroock*, attorneys], for the appellant.

*H. James Hitching*, for the respondent.

PER CURIAM. The action, in so far as it concerns the appellant Encyclopedia Britannica, Inc., is based upon the following alleged libel published concerning the plaintiff:

" Cook, Dr. Frederick A. (1865–    ). American surgeon and explorer claimed to have reached North Pole with two Eskimos in 1908, a year before Peary; claim universally rejected; wrote ' To the Top of the Continent.' "

The complaint alleges that the plaintiff has sold books and delivered lectures on the representation " that he had actually attained, as far as could be determined, the North Pole." The appellant's motion to strike out, denied by the Special Term, was directed to so much of the complaint as alleges, by way of innuendo, that in the article published by the appellant it intended to charge, and did charge, " that the plaintiff was guilty of misrepresentation, of obtaining money under false pretences and that all responsible authorities and experts had agreed that the claims of the plaintiff were fraudulent."

We think the innuendo improperly attempts to enlarge the meaning to be drawn from the alleged libelous publication, even when taken in connection with the extrinsic facts alleged in the complaint. In order to sustain the innuendo the plaintiff is bound to maintain that the statement that his claim to have discovered the North Pole had been " universally rejected," under the circumstances alleged, was equivalent to a statement that he *knew* that he had not discovered the North Pole. Although it may be true that the plaintiff's claim of discovery was in fact rejected in the general belief that it was made fraudulently, the appellant was very careful to omit any reference to the reasons which had led to its rejection, and this the appellant had the right to do. Consequently, in order to justify, it would not be necessary for the appellant to establish that the plaintiff was guilty of a fraud upon the public but only that his claim of discovery was in fact universally rejected without reference to the motives with which the claim was made. Surely, in a matter involving scientific achievement it may be stated that a claim of discovery has been either disputed or rejected without imputing fraud.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of order with notice of entry, upon payment of said costs.

Present — Martin, P. J., McAvoy, O'Malley, Untermyer and Cohn, JJ.; Untermyer, J., taking no part.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of order upon payment of said costs.